IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION BANK, | CASE NO. CV F 12-1663 LJO JLT |
| Plaintiff, | **ORDER TO DENY INJUNCTIVE RELIEF** (Doc. 6.) |
| vs. | |
| OPEN SOLUTIONS, INC., | |
| Defendant. | |

Pursuant to an Item Processing Agreement ("IPA"), defendant Open Solutions, Inc. ("OSI") has provided payment item processing and archiving services to plaintiff Mission Bank ("Bank"). The IPA has expired, and the Bank and OSI have entered discussions as to OSI's continuing services. The Bank contends that it will be prevented from accessing banking images maintained by OSI and that OSI contemplates exorbitant fees for its continuing services. The Bank seeks to enjoin OSI from destroying the Bank's records and to refuse access to them.

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter*, 129

U.S. at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

In the interest of timeliness, this Court focuses on the irreparable harm factor. "Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. At 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test). "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).

The Bank fails to demonstrate immediate or irreparable harm. The record reflects that the Bank and OSI are negotiating terms. There is no evidence that OSI refuses access to or threatens to destroy Bank property. This Court surmises that the Bank pursues injunctive relief to gain leverage in negotiations with OSI. The Bank offers no facts to support its inability to service customers or to comply with banking laws. The Bank's purported harm is speculative, and there is no showing of irreparable harm to warrant the sweeping injunctive relief sought by the Bank.

As such, this Court DENIES Mission Bank injunctive relief and other relief sought by its ex parte application.

IT IS SO ORDERED.

Dated:   October 16, 2012                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE