IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION BANK, | CASE NO. CV F 12-1663 LJO JLT |
| Plaintiff, | **ORDER TO DENY SECOND ATTEMPT FOR INJUNCTIVE RELIEF** |
| vs. | (Doc. 10.) |
| OPEN SOLUTIONS, INC., | |
| Defendant. | |

Pursuant to an Item Processing Agreement ("IPA"), defendant Open Solutions, Inc. ("OSI") provided payment item processing and archiving services to plaintiff Mission Bank ("Bank"). Mission Bank elected not to renew the IPA, which has expired. The Bank and OSI have discussed OSI's continuing services, but such discussions appear at a standstill. The Bank contends that OSI prevents the Bank's access to banking images maintained by OSI and that OSI contemplates exorbitant fees for its continuing services. The Bank further contends that OSI prevents the Bank to produce its records requested by Bank customers, law enforcement and tax authorities. The Bank seeks to enjoin OSI from refusing the Bank's access archived imaging data.

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008).

To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter*, 129 U.S. at 374.  In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

As it did with its first order to deny injunctive relief, this Court focuses on the irreparable harm factor. "Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).  "[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir.1992); *see e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798 (1982).

For injunctive relief, "[i]t is usually enough if the plaintiff shows that its legal remedies are inadequate." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir.1996); *see Weinberger v. Romero–Barcelo*, 456 U.S. at 312, 102 S.Ct. at 1803. "If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." *Ross-Simons*, 102 F.3d at 18.  "Inadequate remedy at law does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Intern. v. Barry*, 328 F.3d 300, 304 (7th 2003).

"Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).

Again, the Bank fails to demonstrate irreparable harm.  The record reflects that the imaging data

1  remains available to the Bank – at a cost.  There is no indication that the Bank is unable to pay the cost.
2  The Bank simply protests the cost which OSI attempts to negotiate.  The Bank's remedy is not equitable
3  relief.  The Bank's remedy is to pay for the imaging data and to sue to recover the money its claims it
4  is owed.  The Bank's alleged injury is compensable in monetary damages.  The Bank offers no facts to
5  support its inability to service customers or to comply with legal authorities, if it pays OSI fees.  The
6  Bank fails to demonstrate its irreparable harm to warrant injunctive relief.

As such, this Court DENIES Mission Bank injunctive relief and other relief sought by its ex parte application (doc. 10).

IT IS SO ORDERED.

**Dated:   October 31, 2012**                    **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES DISTRICT JUDGE